UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL ALLEN HAUKOOS,<br><br>Plaintiff,<br><br>vs.<br><br>WARDEN EDDIE MILES, MCF St. Cloud, and THE ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA,<br><br>Respondents. | 4:22-CV-04059-RAL<br><br><br>OPINION AND ORDER DISMISSING CASE |

Petitioner Michael Allen Haukoos, filed a petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus, Doc. 1. This Court is to screen § 2254 petitions and dismiss when it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]" Rule 4, Rules Governing Section 2254 Cases; see also 28 U.S.C. § 2243 (The Court must "award the writ [of habeas corpus] or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.").

Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies. 28 U.S.C. § 2254(b). Exhaustion requires giving the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before presenting the issues in a federal habeas petition. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); see also Weaver v. Bowersox, 438 F.3d 832, 839 (8th Cir. 2006) (a petitioner's claims must be adjudicated on the merits by a state court). "A claim is considered exhausted when the petitioner has afforded the highest state court a fair

opportunity to rule on the factual and theoretical substance of his claim." Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993) (citing Picard v. Connor, 404 U.S. 270, 275-78 (1971)).

Here, Haukoos admits that he has not exhausted his state remedies. Doc. 1 at 5-7, 9-10. Although he did respond affirmatively to the question on the petition form asking if "all grounds for relief that [he has] raised in this petition [have] been presented to the highest state court having jurisdiction[,]" he also indicates that he did not raise these issues through post-conviction motions or state court habeas petitions. See id. at 5-7, 9-10, 14. Instead, he states his belief that filing this petition is the process to exhaust state remedies and that state-remedy exhaustion is what he is currently trying to accomplish. Id. at 5-7, 9-10. Thus, this Court can determine with confidence that it "plainly appears" that Haukoos is not entitled to relief under § 2254 because he has not exhausted his available state remedies. Haukoos may be able to refile such an action once he has fully and fairly exhausted all state remedies.

Therefore, it is hereby

ORDERED that Haukoos's petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, Doc. 1, is denied and dismissed without prejudice. It is further

ORDERED that judgment is entered in favor of respondents and against Haukoos. It is finally

ORDERED that Haukoos's motion for leave to proceed in forma pauperis, Doc. 2, and motion for appointment of counsel, Doc. 3, are denied as moot.

DATED June 13th, 2022.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE